Okay, ma'am. I think you may face the court. My name is Amelia Pissarro, and I'm here on behalf of Deputy Sheriff Helen Anthony Reed. I've been to his servitude, and it's for rebuttal. This is a case about counsel's failure to explore whether Judge Heidi Johnson was, in fact, impartial. Counsel remained silent during these three opportunities to address the issue. As a result of his silence, Mr. Reed lost the opportunity to find out whether or not Ms. Johnson, in fact, was impartial, and as a result, lost the weight of his resume of the time he was ready to prepare an impartial jury. Hold on just a minute. Let's put the evidence here in place. Before we go to the comments you want to make, as I understand it, one of the jurors attended the wedding of one of the prosecutors. That's the only connection we've got. Isn't that true? That's true. And not only that, but there was no evidence the juror ever recognized the prosecutor. That's correct. She recognized her husband. So we got one juror who may have gone to the wedding of the prosecutor and didn't even know the prosecutor. And on that evidence, you are going to suggest that counsel was ineffective because he didn't do more about that juror. The juror behind H.S. Weisbrot is a Los Angeles Municipal Judge who was close enough friends with David Warren. To answer my question, I mean, I tried to put the facts as best I could state them for you, and then I said what then would lead me to believe it's ineffective assistance of counsel for failing to object to that juror. Because I think that the law is clear that even one impartial juror impacts the entire jury. And she raised enough by writing a note and that there was enough there to explore. And there's too much that we just don't know because there was never a hearing. We don't know what kind of... Then the person who she married, or the prosecutor married, sorry, comes into that courtroom and the person says, I think I knew that person, but the juror didn't even know that person then was married to the prosecutor. She didn't have any idea. She recognized David Roger, who was the DA at the time, and at a time that he was relatively famous. I mean, he was the Clark County District Attorney. This was a couple of years after the OJ trial, the big binges trial. I mean, he's somebody that's in the news every day. Her boyfriend of nine years who's such friends with them, and he presided over the wedding. When asked if anybody had any connection to David Roger in his office, she remained silent. She sees Mr. Roger come into the courtroom to watch his new wife's opening argument, and that's when she sends the note, but he doesn't know. So what's my best case for E.R.? I guess she didn't know that Mr. Roger came in to watch his wife's argument. She recognized him. She recognized him. She didn't know why he was there. She didn't know that he was a witness or what. Agreed. That's true. And before that, the DA, Susan P., had said, I think it sounds like right off the record, there was a sidebar on day one, and then on day two they bring it up. She's like, I know her. I'm not sure. Everybody's not sure. But I think that's why, really speaking up by counsel and saying, hey, let's ask her a couple of questions about this and figure it out. The one case is the best case you could. I think it would suggest that there are grounds upon which they could object. I think that. It says it's got to fall below an objective standard of reasonableness. Yes. And I think that the controlling U.S. Supreme Court cases on juror partiality and the remedy I'm giving in hearing are Romer v. United States. I don't think Romer feels with this at all. Well, in the sentence with Ms. Phillips, the court says that the remedy for allegations of juror partiality is a hearing where the defendant has the opportunity to prove actual bias. And I think that's what's missing here. I think that's what makes this case so difficult, because we don't have a record right now of bias, right? We don't know what connection any Ms. Johnson had to either one of them, you know. Or any misconduct. Right. And that's the thing. I think what the government was trying to say, you know, in the case where you're raising the misconduct claim, but what Mr. Reid raised on his own on post-conviction and what we've carried through to this court is this idea that we just haven't had an opportunity to build it up because you never got a hearing, even on post-conviction, when it would have been the right time to explore the issue. We need to have a hearing to say to find out more. We don't know the connection. I think that's the big problem here. And that, to me, is the prejudice, that loss of the hearing and the loss of ever being able to prove the claim. So that's, I think, what makes it a little bit different. Have state courts ever presented the idea that the counsels were ineffective because they failed to move the strike? Yes, in the post-conviction petition that the client filed, the way that he drafted it is that he called it, he said, Mr. Dennis, that the claim was trial counsel was ineffective for failing to properly address the issue of juror misconduct regarding juror Heidi Johnson. That's your first issue, and we fully questioned you about that. Now you move to the second issue, that he should have moved to strike the juror because she was biased, failed to request a hearing to investigate the possible bias. Didn't see that in any place. But I don't think it has to be a motion to strike the panel to strike the jury. It just has to be some sort of objection to have a hearing. I think the court has said that it doesn't have to be an evidentiary hearing, it doesn't have to be a full-blown hearing, it can be in camera, it can be in chambers, but there has to be some inquiry into whether or not there is bias. And so I think that's the issue. I also would submit that the matters of free court's decision in this case is not owed any deference by this court. At the very least, when it comes to the Strickland analysis, it didn't apply the right test. It didn't intentionally review Mr. Reid's ineffective assistance of counsel claim. Instead, it applied a sort of discretionary review, where it just looked at the district court and said, or the state trial court and said, you did error by denying this claim. It also used the wrong test for prejudice, and I think that's sort of the issue here. If Mr. Reid is given an opportunity to prove up his biased claim, and he is able to prove bias, then he would be entitled to relief because it's a structural constitutional violation, and he doesn't have to prove prejudice. And with that, if there's no questions, I will reserve the remainder of my time for rebuttal. If there are no questions, I will leave the meeting. May it please the Court. I am Nevada Deputy Attorney General Dale Roche, and I represent the respondent appellees in this matter. The question before the Court is whether the state court's denial of Mr. Reid's claim of ineffective assistance of counsel was an unreasonable application of fully established normal law. And the answer to that is presenting a panel of discussions about implied juror bias or actual juror bias, those were the claims that were even litigated in state court. The state court claim is a claim of trial counsels that have died to an issue that I can address, juror misconduct, and the record contains no evidence of juror misconduct. And for that reason, the state district court, in 2005, rejected the claim and now discuss further the briefs about implied and actual juror bias. There's really no evidence of that either. The claim has forced into a circular argument that had counsel requested a hearing, he would have been entitled to one, and at that hearing, they might have developed evidence that Michelle, the juror, was biased, and that would have been a structural error to have a biased juror on the jury. There's all those steps there that are far afield from what's required to prove that counsel's an effective understrictment. And I'd just like to quote a few lines of strickling to just affirm that the state court's made the right decisions here. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight. And then we go on to say, because of the difficulties inherent in making the evaluation, the court must entail a strong presumption that counsel's conduct will also provide a range of reasonable professional assistance. That is, the defendant must overcome the presumption that, under the circumstances of the challenged action, might be considered a sound trial strategy. So in order to get relief, history would have to show that the only alternative that was reasonable was to request a demand hearing to prove juror bias based on the scam facts that we have in this record. And that's not the case, because had such a hearing been held, that juror would have been notified of the connection that she was previously unaware of. She, four years prior to trial, had been at the wedding of the prosecutor to the district attorney, and neither of them recognized each other. The prosecutor didn't say, I recognized her face when I saw her. She said, when she said to Vardyar that she was dating a municipal judge, the only single municipal judge was George Asad, and her name was Heidi. So I assume she must have been the woman that was at my wedding. They neither recognized each other. It had been four years. There's just no basis to argue that counsel wasn't effective. All right. We've heard that argument. All right. Well, if that's the only argument that I have, that's the only argument that I was looking at in the state court, it was that I'll submit it. Thank you. Thank you. Did you think it's important to recognize that Mr. Reid was pro se on post-conviction? There's a lot of complaints from the warden about, well, there's no evidence in this record, but that overlooks that he had no way to gather it. Well, I think maybe you could, in your short time you have left, say why this juror involved herself in misconduct. I know. That's a very difficult question to answer. Well, I know. That's the question that was on appeal. I think one of you is that there was the potential for misconduct, and we don't know it. In other words, you have no evidence of misconduct, but just that there might be potential. Right. And that's the problem, right? That's what I'm trying to do is to speak as a judge. May I stand your argument? Thank you. Thank you. Case 1517490 is submitted. We'll now move to case 1610200, USG Master.
judges: Fisher, Schroeder, N.R. Smith